# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANUEL GONZALEZ, | Civil Action No. 15 – 252 |
| Petitioner, | |
| v. | District Judge Joy Flowers Conti |
| | Magistrate Judge Lisa Pupo Lenihan |
| BRIAN V. COLEMAN, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

For the reasons that follow it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

### II.  REPORT

Pending before the Court is a Petition for Writ of Habeas Corpus filed by state prisoner Manuel Gonzalez.[1] (ECF No. 4.)  Gonzalez claims that the conditions of his confinement violate the Eighth Amendment's prohibition of cruel and unusual punishment.  Specifically, he alleges that the ventilation system at SCI-Fayette, where he is currently incarcerated, emits voluminous amounts of ash like dust and air that is moldy and smells of odors.  He also alleges that the water makes him sick to his stomach and causes dizziness, itching, chills and rashes.  He claims that he

---

[1] Gonzalez states that he has filed his Petition pursuant to 42 Pa.C.S.A. § 6303(a) *et seq*. However, that Chapter of the Pennsylvania statutes applies exclusively to Juvenile matters and does not provide a means for prisoners to challenge their confinement.  The federal statutes governing petitions of writ of habeas corpus are found at 28 U.S.C. §§ 2241 and 2254.

is under imminent danger of serious physical injury and seeks a permanent transfer to another prison facility. For the reasons stated herein, the Petition will be dismissed because it fails to assert a claim cognizable under habeas corpus.

It is well settled that relief requested through a writ of habeas corpus is limited. See e.g., Learner v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also 28 U.S.C. § 2254(a) (providing that federal habeas jurisdiction permits the entertaining of "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). On the other hand, a Section 1983 civil rights action is the proper remedy for a prisoner who is seeking redress for a purported constitutional violation related to prison conditions. Preiser, 411 U.S. at 499. The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Learner, 288 F.3d at 542.

Here, a ruling in Gonzalez's favor would not change either the fact or duration of his conviction or sentence. Instead, Gonzalez's challenge is related to the conditions of his

confinement, and his remedy lies in a civil rights suit under 42 U.S.C. § 1983.[2]  Clearly, "no matter what the outcome of [Gonzalez's] habeas petition, neither the fact nor the length of his incarceration will be affected."  Bronson v. Demming, 56 F. App'x 551, 553-54 (3d Cir. 2002). Consequently, relief is unavailable to Gonzalez and his federal habeas petition should be dismissed for failing to raise a cognizable claim.[3]

Finally, a certificate of appealability should be denied because jurists of reason would not find it debatable whether Gonzalez has stated a cognizable federal habeas claim.  See e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000) (explaining standard for grant of certificate of appealability where court does not address petition on the merits but on some procedural basis).

### III. CONCLUSION

For the aforementioned reasons it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the Petitioner is allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  May 8, 2015.

---

[2] Gonzalez does not challenge the fact or duration of his confinement.  Although he claims that he cannot obtain relief through a civil action brought pursuant to 42 U.S.C. § 1983, that is the only avenue by which he can challenge the conditions of which he complains, even if he is not seeking financial compensation.

[3] There is some precedent in the Third Circuit for allowing a federal prisoner to challenge the conditions of his confinement under the habeas corpus statutes.  See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2006).  That precedent, however, applies only to federal prisoners and Gonzalez is a state prisoner.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).

                    <u>/s/ Lisa Pupo Lenihan</u>
                    Lisa Pupo Lenihan
                    United States Magistrate Judge

cc: Manuel Gonzalez
    LF9379
    P. Box 9999
    LaBelle, PA 15450